**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL M. WHITEHURST,

           Plaintiff,

vs.                                                    Case No. 3:06-cv-191-J-32MCR

WAL-MART STORES EAST, L.P.,

           Defendant.

_____

**ORDER**[1]

Pro se plaintiff filed this negligence suit against defendant in state court on February 17, 2006, alleging that defendant's tortious actions resulted in damages to plaintiff in excess of $1,000,000.00 (see Complaint, Doc. 2). On February 28, 2006, defendant removed the case to federal court on grounds of diversity jurisdiction (28 U.S.C. § 1332) stating that defendant is a resident of either Delaware or Arkansas, plaintiff is a resident of Florida, and the amount in controversy is in excess of the jurisdictional minimum, $75,000.00 (see Notice of Removal, Doc. 1). On March 22, 2006, plaintiff filed an Objection to Defendant's Notice of Removal (Doc. 5), arguing that jurisdiction over this matter is proper in the state court where plaintiff filed the matter, that the Fifth Amendment bars removal, that defendant's certificate of service is defective and that defendant failed to file a notice of appearance. The Court treats plaintiff's objection as a Motion to Remand, as did defendant, who has now filed a response in opposition (Doc. 10).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). For a federal court to have original jurisdiction over a case alleging only state law claims, as here, there must be complete diversity and the threshold amount in controversy. 28 U.S.C. § 1332(a). Plaintiff's complaint meets this standard. Thus, defendant was entitled to remove this case to federal court. None of plaintiff's arguments against removal are meritorious and plaintiff's motion is therefore due to be denied.

Defendant has filed its answer (Doc. 4) and the parties should now be engaged in the process of preparing their Case Management Report. The assigned United States Magistrate Judge recently entered an Order (Doc. 8) advising plaintiff of some of the federal court rules of practice, which advice the parties should follow as they professionally cooperate to prepare the Case Management Report as well as during the remainder of this case.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Objections to Defendant's Notice of Removal (Doc. 5), which the Court treats as a Motion to Remand, is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of April, 2006.

s.
Copies:
counsel of record
pro se plaintiff

TIMOTHY J. CORRIGAN
United States District Judge