UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Darryl M. Whitehurst,

    Plaintiff,

vs.                                           Case No.  3:06-cv-191-J-32MCR

Wal-Mart Stores East, L.P., a foreign
corporation licensed to do business in the state
of Florida,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Re-Visit Order (Doc. 76) and Motion for Oral Hearing (Doc. 77) filed March 12, 2007.  Plaintiff asks the Court to re-visit its Order dated March 6, 2007 granting Plaintiff's request to allow the Court-appointed attorney to withdraw but denying Plaintiff's request for the Court to appoint another attorney to represent Plaintiff.  (Doc. 75).  In his Motion, Plaintiff makes vague assertions indicating he believes that the Court-appointed attorney behaved inappropriately.  The Court-appointed attorney filed a response in which he "vehemently denie[d] any and all representations, allegations and statements made regarding him by Mr. Whitehurst in his Motion to Re-Visit Order."  (Doc. 78).  The Court is confident the Court-appointed attorney did not behave inappropriately and cautions Plaintiff to refrain from making any further allegations of that nature.

As for Plaintiff's request that the Court reconsider its decision to appoint him another attorney, the Court declines to do so. Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint "an attorney to represent any person unable to afford counsel" in a civil action. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). Here, Plaintiff has not provided the Court with any information to show that he is indigent.[1] Furthermore, as the Eleventh Circuit has further explained:

> A civil litigant . . . has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.

Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted)). In the present case, the Court is not of the view that exceptional circumstances exist to justify an appointment of counsel. Indeed, the Court no longer believes appointing an attorney for Plaintiff will aid in the prosecution of Plaintiff's claims. Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Re-Visit Order (Doc. 76) is **DENIED**. Plaintiff shall continue to proceed pro se.

2. Plaintiff's Motion for Oral Hearing (Doc. 77) is **DENIED**.

---

[1] Originally, the Court appointed an attorney pursuant to the Jacksonville Division Civil Pro Bono Appointment Program because the Court believed the appointment of an attorney would aid in the prosecution of this lawsuit.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th  day of March, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party