UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Darryl M. Whitehurst,

    Plaintiff,

vs.                                       Case No.  3:06-cv-191-J-32MCR

Wal-Mart Stores East, L.P., a foreign
corporation licensed to do business in the state
of Florida,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration to Retract (Doc. 84) filed March 27, 2007.  Plaintiff again asks the Court to reconsider its decision not to appoint him a new attorney.

"Rule 59(e), Fed. R. Civ. P., gives the court broad discretion to reconsider an order which it has entered." Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999), aff'd, 228 F.3d 414 (11th Cir. 2000). Motions to alter or amend a ruling of the Court must rely on one of the following three grounds: "1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice" Id. (citing CSX Transp., Inc. v. City of Pensacola, Fla., 936 F. Supp. 885, 889 n. 2 (N.D. Fla. 1995); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).  In the interest of finality as well as the conservation of scarce judicial resources,

-1-

reconsideration should be granted sparingly.  See Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992).  In light of the foregoing, the Court finds there is no clear error, manifest injustice, new evidence or change in controlling law, which would require the Court to grant the Motion.  Accordingly, Plaintiff's Motion for Reconsideration to Retract (Doc. 84) is **DENIED**.

In any event, Plaintiff is encouraged to attempt to obtain his own attorney.  The Court is confident there are numerous attorneys in Jacksonville who would be willing to take this case on a contingency fee basis, meaning they would not charge Plaintiff unless he were able to prevail.  Accordingly, the Court will allow Plaintiff thirty days or until **Friday, April 27, 2007** in which to obtain counsel.  Counsel for Plaintiff should file a notice of appearance on or before April 27, 2007.  If Plaintiff is unable to obtain counsel, he shall file a notice with the Court on April 27, 2007 explaining the steps he took to obtain counsel.

In the meantime, the Court will stay the proceedings.  No further discovery should take place and the depositions set for April 20, 2007 will be postponed until **Friday, June 1, 2007**.  The Amended Complaint (Doc. 86) filed by Plaintiff on March 27, 2007 does not address the deficiencies alleged in the Motion to Dismiss and is therefore, insufficient.  Accordingly, no later than **Friday, May 18, 2007**, Plaintiff shall either file a substantive response to Defendant's Motion to Dismiss (Doc. 82) or file another amended complaint addressing the deficiencies.  Plaintiff is cautioned that failure to state a viable claim may result in his case being dismissed.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th   day of March, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party