**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL M. WHITEHURST,

                Plaintiff,

vs.                                              Case No. 3:06-cv-191-J-32MCR

WAL-MART STORES EAST, L.P.,
etc.,

                Defendant.

## **ORDER**[1]

This case is before the Court on Defendant Wal-Mart's Motion to Dismiss (Doc. 82). Pro se plaintiff, Darryl M. Whitehurst, filed a response in opposition (Doc. 91). According to his second amended complaint (Doc. 86), plaintiff's claims against Wal-Mart arise out of an August 2005 incident during which plaintiff and certain members of his family were leaving a Wal-Mart store when they were caught in the middle of an altercation between a Wal-Mart employee and a suspected shoplifter who the employee was attempting to apprehend. Although plaintiff was not injured, he alleges that his wife was traumatized by the event, his minor son was physically injured, and his minor son and infant granddaughter were endangered. Plaintiff sues Wal-Mart for fraud, inadequate security, and for negligence[2] based on these injuries to his family, and seeks over $1,000,000.00 in damages. Defendant

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Although the second amended complaint would appear to allege claims sounding in negligence, plaintiff apparently represented to the Magistrate Judge in an earlier hearing that he was not bringing a negligence action.

moves to dismiss on grounds that plaintiff, proceeding pro se, cannot bring claims for relief on behalf of others; that plaintiff himself has not alleged that he suffered any damages; that plaintiff has failed to allege the necessary facts to support the elements of a fraud claim; and that Florida law does not recognize a civil cause of action for child endangerment or inadequate security.

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Secretary of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Because plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

First, as plaintiff has been repeatedly advised by this Court, because he is proceeding pro se, he cannot prosecute any claims in federal court on behalf of other persons, including his own minor son. See Winkelman v. Parma City School Dist., 127 S.Ct. 1994, 1999 (2007) (reiterating common law rule that lay parents may not represent their children in court); Wheat v. United States, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); Guajardo v. Luna, 432 F.2d 1324 (5th Cir. 1970) (finding court's rule that non-lawyers may not represent other people in litigation to be reasonable); 28 U.S.C. § 1654 (parties may appear on their own behalf personally or through counsel) (emphasis supplied);

Local Rule 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court)."). Although this case was properly removed to this Court and this Court's procedural rules therefore apply, even in Florida's state courts (such as the court where plaintiff filed this complaint), with few exceptions not applicable here, only attorneys licensed to practice in Florida are permitted to represent others in litigation. See Fla.R.Jud.Admin., Rule 2.505(a) (2006); Bauer v. State, 610 So.2d 1326, 1327-29 (Fla. 2nd DCA 1992); Garner v. I.E. Schilling Co., 174 So. 837 (Fla. 1937). Plaintiff is therefore mistaken in his contention that he would have been permitted to represent his families' interests had defendant not removed this case to federal court. Therefore, any claims which purport to be brought on behalf of anyone other than Mr. Whitehurst himself, or to recover for damages allegedly suffered by persons other than Mr. Whitehurst himself, are due to be dismissed. As plaintiff has not alleged that he suffered any damages personally, his negligence claims are therefore due to be dismissed (this would include the claims for "gross negligence" and "inadequate security" and "child endangerment" which led to the trauma allegedly suffered by plaintiff's wife, the physical injuries allegedly suffered by his minor son and the "child endangerment" allegedly suffered by his son and granddaughter).

Second, as to plaintiff's fraud claim, this count appears to allege that Wal-Mart engaged in fraud by projecting itself to be a professional store where customers can expect to enjoy a safe shopping experience when in fact, alleges plaintiff, Wal-Mart hires unprofessional employees with criminal histories, such as the employee whose acts caused

3

the incident here. However, general allegations such as these are insufficient to state a claim for fraud under Florida law or Fed.R.Civ.P. Rule 9(b). See, e.g., Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984) (stating elements of fraud under Florida law). Moreover, as plaintiff has not alleged that he suffered any injuries from the alleged fraud, this claim is not sustainable and is due to be dismissed. Id. (citing injury to party as a result of reliance on false representation as a required element of fraud claim).

Here, plaintiff had two opportunities to amend his complaint and he has been counseled by the Court, both in its written orders and in hearings before the Magistrate Judge. The Court even appointed a lawyer under its civil pro bono appointment program to assist plaintiff until plaintiff's actions prompted counsel to withdraw (with the Court's permission). Unfortunately, plaintiff has still not cured the defects in his complaint, which must now be dismissed for failure to state a claim.[3]

Accordingly it is hereby

**ORDERED**:

Defendant Wal-Mart's Motion to Dismiss (Doc. 82) is **GRANTED**. This case is dismissed with prejudice[4] and the Clerk shall close the file.

---

[3] When he filed his memorandum in opposition to the motion to dismiss, plaintiff filed a motion for leave to amend his complaint, attaching his proposed (Third) Amended Complaint. See Doc. 90. Putting aside that plaintiff's motion fails to state that he complied with the conferral requirements of Local Rule 3.01(g), the Court has reviewed the proposed amended complaint and now denies that motion, finding the proposed amendment would be futile as it fails to correct the deficiencies noted herein and does not add any new sustainable causes of action.

[4] This dismissal would not necessarily prevent plaintiff's wife, son, or granddaughter from bringing an action in their own names.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of July, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se plaintiff