UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Darryl M. Whitehurst,

       Plaintiff,

vs.                                  Case No.  3:06-cv-191-J-32MCR

Wal-Mart Stores East, L.P., a foreign
corporation licensed to do business in the state
of Florida,

       Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's request for a contempt holding against Plaintiff and sanctions contained in its Emergency Motion for Enforcement of Protective Order (Doc. 96) filed August 8, 2007 as well as Plaintiff's Motion for Reinstatement of Sanctions (Doc. 106) filed August 29, 2007.  The Court will begin with Defendant's request for a contempt holding and sanctions against Plaintiff.

## I.   DEFENDANT'S REQUEST FOR A FINDING OF CIVIL CONTEMPT AND/OR SANCTIONS

On February 17, 2006, Plaintiff, Darryl M. Whitehurst, filed a complaint in state court against Wal-Mart for damages arising from an incident in one of Wal-Mart's stores. According to Plaintiff, on August 7, 2005, his wife, son and grandchild were shopping at Wal-Mart.  As they were leaving the store, a Wal-Mart employee attempted to apprehend a shoplifter and ran into Plaintiff's son, knocking him down and injuring him.

-1-

On July 13, 2007, Judge Corrigan granted Defendant's Motion to Dismiss and dismissed the case with prejudice.  (Doc. 93).

While the case was pending, the parties engaged in discovery and during discovery, Defendant produced a copy of the in-store surveillance video showing the incident in which Plaintiff's son was injured.  On January 3, 2007, Plaintiff filed a Motion for Extension of Time (Doc. 51) and stated that the video provided by Defendant was "in the process of being made into Public Service Announcement Commercial with Comcast Broadcasting Co., to be aired sometime in the month of January, so that other witnesses may come forward to testify . . ."   As a result, Defendant filed a Motion for Protective Order (Doc. 60) asking the Court to prevent Plaintiff from publicly disseminating the video.  The Court granted the Motion on January 26, 2007 and instructed Plaintiff to:

> refrain from disseminating the video to any third parties not
> associated with this litigation or allowing any such individuals
> to view the video during pretrial discovery.  If Plaintiff has
> already disclosed the video to a third party, he is instructed
> to so inform Defendant and to retrieve any copies of the
> video he may have dispersed.

(Doc. 67, p.4) (footnotes omitted).  The footnotes indicated Plaintiff could share the video with any expert he retained and that if the matter proceeded to trial, such trial would be public and the trial judge would determine whether the video would become part of the public record.  (Doc. 67, p.4).

On August 6, 2007, a copy of the surveillance video was posted on the website of Jacksonville's Channel 4 television news along with a story about Plaintiff's lawsuit against Wal-Mart.  Accordingly, Defendant filed a motion to enforce the protective order

and asked the Court to enforce the protective order, hold Plaintiff in contempt of court and award sanctions. (Doc. 96).  The Court granted the motion insofar as it instructed Plaintiff to refrain from any further dissemination of the video and to retrieve any copies already dispersed.  (Doc. 97).  The Court took the issue of any sanctions or contempt proceedings under advisement and directed the parties to file legal memoranda regarding their positions on whether Plaintiff should be held in contempt.

On September 26, 2007, the Court held an evidentiary hearing regarding whether Plaintiff had violated the protective order entered January 26, 2007 (Doc. 67) and whether he should be held in civil contempt.  During the hearing, Wal-Mart's Asset Protection Coordinator in charge of loss prevention at the store where the incident took place, Timothy Tyler, testified that the surveillance system records on hard drive and videos are made only when a incident report is filed.  When a video is requested, only two copies are made.  Mr. Tyler stated that one copy is sent to claims management in Bentonville, Arkansas, Wal-Mart's corporate headquarters and the other is maintained at the store.  However, in this case, the store's copy was given to the attorney representing Wal-Mart in the instant case.  Accordingly, only two copies of the video are available in Jacksonville, Mr. Whitehurst's copy and the copy maintained by Wal-Mart's counsel.

Plaintiff testified that he understood the January 26, 2007 Order prevented him from disseminating the video while the case was pending but that after Judge Corrigan dismissed the case, Plaintiff believed he was free to disseminate the video.  Despite this

testimony, Plaintiff claimed he did not give the video to any news agency or any third party and he believed Channel 4 received a copy of the video from Wal-Mart.

In order to find Plaintiff in civil contempt, Wal-Mart must prove by clear and convincing evidence that "(1) a valid court order was in effect; (2) the order was clear and unambiguous; and (3) the alleged violator could have complied with the court's order, had he chosen to do so." Taylor v. Teledyne Technologies, Inc., 338 F.Supp.2d 1323, 1346 (N.D. Ga. 2004) (citing, Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002)).  Clearly, the January 26, 2007 Order was valid, however, the Court is not certain it was sufficiently clear and unambiguous.  By its express terms, the Order only prohibited Plaintiff from distributing or showing the video to third-parties "during pretrial discovery."  (Doc. 67, p.4).  At the time Plaintiff is alleged to have provided the video to Channel 4, Plaintiff's case had been dismissed with prejudice and therefore, pretrial discovery was closed.  As such, the Court does not believe it is possible to show the second element necessary for a finding of contempt and will deny Defendant's request for a contempt finding on this basis.

The Court is to blame for this ambiguity.[1]  The Court meant to prohibit Plaintiff from providing the video to anyone at any time but instead focused on the discovery period.  The Court hereby informs Plaintiff that he is prohibited from disseminating the video to any third party at any time.  Plaintiff has already ostensibly provided this Court

---

[1] Also as a result of this ambiguity, the Court will refrain from using its inherent authority to impose sanctions on Plaintiff at this time.

with the original video copy he received from Defendant during discovery.[2]  The Court

will return this copy to Defendant.  Additionally, Plaintiff shall return to counsel for

Defendant any other copies of the video he may have made or caused to be made no

later than **Friday, October 19, 2007**.[3]  Plaintiff is strongly cautioned that failure to

comply with this Order will result in the imposition of sanctions.

## II.    PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff seeks sanctions against Defendant in the amount of one million dollars

for "accusing Plaintiff of violating the Court's Protective Order, with no actual material of

facts, just unstantiated [sic] convincing evidence . . ."  (Doc. 106, p.1).  The Court does

not believe Defendant's request for sanctions or a contempt holding was improper.  The

Court is unable to find Plaintiff in contempt of its January 26, 2007 Order only because it

finds the Order was not sufficiently clear and unambiguous.  The Court makes no

finding regarding Plaintiff's conduct, however, suffice it to say that Defendant's request

for sanctions or a contempt finding was not frivolous or otherwise improper.  As such,

Plaintiff's Motion for Sanctions is denied.

Accordingly, after due consideration, it is

**ORDERED**:

---

[2]  The Court says "ostensibly" because Plaintiff's wife hand delivered the video and stated that it was the original, however, the cover letter attached to the CD states "this is the copy, not the original CD as the Court ordered defendants to produce on the motion to compel."  The Court is uncertain if this means Plaintiff is not producing the only copy he received from Defendant or a copy.

[3]  If Plaintiff's current litigation is permitted to proceed, Plaintiff may seek another copy of this video from Wal-Mart at such time as is appropriate.

1.      Defendant's request for a contempt holding against Plaintiff and sanctions contained in its Emergency Motion for Enforcement of Protective Order (Doc. 96) is **DENIED**.

2.      Plaintiff's Motion for Reinstatement of Sanctions (Doc. 106) is also **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _11th_ day of October, 2007.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff